IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MATTHEW TYLER,

                              ORDER

         Plaintiff,

                             14-cv-68-bbc[1]

    v.

STEPHANIE WICK, SANDRA HANSEN,
PETER MARIK, K. MARKS, DAVID H. SCHWARZ,
MARGARET BECKWITH, DEBORAH MCCULLOCH,
ROBERT KNEEPKENS, JEFFREY P. HRUDKA,
MARK SPEES, ALBERT LAVENDER, ERIC SWIATLY,
MIKE LUTZ, VAL LITTY, DONNA HEDRICH,
JAMIE OLSON, STEVE SCHNEIDER
and WILLIAM PARKER,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Matthew Tyler, civilly committed under Wis. Stat. Ch. 980, brought this action against defendant state officials originally in the Circuit Court for Juneau County, Wisconsin. In his complaint, plaintiff alleges that defendants have violated his rights in various ways with regard to his transfer to and treatment at state facilities under the United States and Wisconsin constitutions, the Americans with Disabilities Act, the Health Insurance Portability and Accountability Act and several different state statutes and administrative regulations. Defendants removed the case to this court on February 3, 2014. It is now before the court on plaintiff's motion to remand the case and defendants' motion

---

[1] I am assuming jurisdiction over the case for the purposes of issuing this order.

1

to stay discovery.

Plaintiff's motion to remand is difficult to understand: he asks that this court remand "all State issues barred by the Eleventh Amendment because the Wisconsin Legislature consented to suit on [plaintiff's] state claims" and states that it is appropriate for this court to decline jurisdiction over state law claims when the federal claims are dismissed. However, none of plaintiff's federal claims have been dismissed (and I do not read plaintiff's motion as a request to dismiss the claims voluntarily). Moreover, the issue of sovereign immunity on particular claims is one that *defendants* may raise later in the proceedings; it is not a reason for plaintiff to seek remand. Defendants have the right to remove this case to this court on the grounds that plaintiff is alleging various federal claims, 28 U.S.C. § 1441(a), and the court has supplemental jurisdiction over the state law claims. Accordingly, I will deny plaintiff's motion to remand the case to state court.

Defendants have filed a motion to stay discovery because they plan to file a motion for judgment on the pleadings based on various immunity grounds. It is often appropriate to stay discovery until immunity issues are resolved, Landstrom v. Illinois Department of Children & Family Services, 892 F.2d 670, 674 (7th Cir. 1990), and this is one of those instances. Neither side will have to conduct any discovery to pursue or defend the motion, so it makes sense to grant the stay. The stay will not be indefinite. Defendants may have until April 28, 2014 to file their motion for judgment on the pleadings or provide good cause for failing to do so. At that point I will determine whether a further stay is appropriate.

ORDER

IT IS ORDERED that

1. Plaintiff Matthew Tyler's motion to remand the case to state court, dkt. #6, is DENIED.

2. Defendants' motion to stay discovery pending resolution of defendants' motion for judgment on the pleadings, dkt. #9, is GRANTED. Defendants may have until April 28, 2014 to file their motion for judgment on the pleadings or provide good cause for failing to do so.

Entered this 31st day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge