IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW TYLER,

                Plaintiff,                          ORDER

v.                                                     14-cv-68-slc

STEPHANIE WICK, DEBORAH MCCULLOCH,
ROBERT KNEEPKENS and WILLIAM PARKER,

                Defendants.

---

In a December 4, 2015 order, the court dismissed plaintiff Matthew Tyler's claims against defendant Agent Stephanie Lutz[1] that she had provided false information at plaintiff's revocation hearing, but the court granted plaintiff's request to recognize that his complaint included due process claims against defendants Agent Lutz, Deborah McCulloch, Robert Kneepkens and William Parker for depriving him of a property interest in his personal property and money. The due process claims are the only claims remaining in the case. The dispositive motions deadline on these claims is February 8, 2016.

Defendants have filed a motion to stay discovery and for an order protecting them from plaintiff's discovery efforts. Dkt. 129. They argue that discovery should be stayed pending resolution of immunity issues, that they have not been properly served with plaintiff's most recent discovery requests, and that by this point the requests were made too close to the dispositive motions deadline for them to respond. On January 7, 2016, plaintiff submitted discovery requests directly to the court despite the statement in the pretrial conference order stating that "[t]he court does not want the parties to file their discovery material with the court, except to support some other matter in this lawsuit, such as a summary judgment motion." Dkt.

---

[1] The court continues to refer to defendant Stephanie Wick as "Agent Lutz" because Lutz was her surname during the events in question and the parties refer to her as such in their briefing.

13, at 9. Plaintiff responded, stating that he mistakenly construed the language in court's pretrial order stating that parties represented by the Department of Justice would agree to be served by the electronic docketing of document submitted by pro se parties. Dkt. 132.

But plaintiff goes on to state, "I interpret your January 7, 2016 letter as information for future filing, and that the Defendants' attorney has received an electronic copy of my January 4, 2016 filing," which I take to mean that he believes he has indeed properly served defendants with those discovery requests, at least this one time. This is incorrect; the court does not allow pro se parties to accomplish service of discovery requests in this way. Usually, a pro se party must serve his opponents directly with those requests. I will grant defendants' request for protection from the January 2016 requests because plaintiff has not properly served them.

Lest this looks like I am glorifying form over substance, I note that I would stay discovery in any event, pending resolution of immunity issues. *Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990). I impose this discovery stay with this understanding: as defendants concede, plaintiff *is* allowed to conduct specific, targeted discovery that he needs to respond to the immunity-based arguments defendants preview in their current motion (and that they will elaborate on in their motion for summary judgment). If plaintiff believes that he needs such targeted discovery, he should file a motion requesting leave to take that discovery, explaining how his discovery requests bear on the immunity issues raised by defendants. Plaintiff should attach his proposed discovery requests to his motion for leave. The court needs to see plaintiff's proposed requests so that it can decide whether the requests are appropriately targeted at immunity issues.

This procedure is an exception to the discovery service rule that I set out above. The court will deem defendants to have been served with requests attached to a motion to conduct

discovery. As for plaintiff's January 2016 requests, they are not targeted at immunity issues so defendants do not need to respond to them at this time.

## ORDER

It is ORDERED that:

(1)  Defendants' motion for protection from plaintiff's January 2016 discovery requests, dkt. 129, is GRANTED.

(2)  Defendants' motion to stay discovery pending resolution of immunity issues, dkt. 129, is GRANTED.

Entered this 26th day of January, 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge